**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

Roy L. Morrison,
      Plaintiff,

  v.          **DECISION & ORDER**
             11-CV-6148

Dr. Pepper Snapple Group,

      Defendant.

---

**Preliminary Statement**

*Pro se* plaintiff brings the instant employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) to 2000(e)-17, alleging that the defendant discriminated against him and ultimately terminated him based on his race and gender. See Complaint (Docket # 1). Currently pending before the Court is defendant's motion to compel (Docket # 15) and plaintiff's motion for appointment of counsel (Docket # 17).

**Discussion**

I. Defendant's Motion to Compel Discovery: In this motion, the defendant requests that plaintiff produce his initial disclosures and responses to its First Request for Production of Documents, First Set of Interrogatories and Demand for Expert Information. Defendant also seeks an extension of the Court's Scheduling Order deadlines. Pursuant to the Court's Scheduling Order (Docket # 8), all mandatory disclosures were to be produced

by September 12, 2011, and discovery was to be completed by January 31, 2012. On September 12 and October 24, 2011, defendant filed its Rule 26 mandatory disclosures. (Dockets ## 10, 13). On October 24, 2011, defendant served its discovery demands. See Exhibit "A" attached to Docket # 15. To date, plaintiff has not produced his initial disclosures nor responded to defendant's discovery demands. By Order dated December 22, 2011, the Court directed plaintiff to respond to defendant's motion to compel by January 23, 2012. (Docket # 16). To date, plaintiff has not filed a response in opposition to defendant's motion.

The Court, having reviewed the defendant's motion papers as well as its discovery demands, hereby Orders that plaintiff produce his initial Rule 26 mandatory disclosures and responses to defendant's First Request for Production of Documents, First Set of Interrogatories and Demand for Expert Information within **thirty (30) days** of entry of this Order.

Finally, on July 13, 2012, Judge Larimer referred the instant action to mediation. (Docket # 19). Defendant may renew its request to amend the Scheduling Order deadlines pending the outcome of the mediation.

II. <u>Plaintiff's Motion to Appoint Counsel</u>: On January 24, 2012 plaintiff filed a motion for the appointment of counsel. Plaintiff states that the appointment of counsel is necessary because, *inter alia*, he does "not have the funds to hire an

2

attorney" and "[t]his case is beyond my scope of Civil Law and Practices." (Docket # 17). For the reasons that follow, plaintiff's motion for appointment of counsel (Docket # 17) is **denied without prejudice to renew**.

Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). An assignment of counsel is a matter within the judge's discretion. *In re* Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). "There is no requirement that an indigent litigant be appointed pro bono counsel in civil matters, unlike most criminal cases." Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). The factors to be considered in deciding whether or not to assign counsel were set forth by the Second Circuit in Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986):

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Applying the factors set forth in Hodge, I find that plaintiff's allegations do not satisfy the initial threshold

3

showing of merit. In this regard, I note that the EEOC conducted an investigation, which included an interview of plaintiff, and concluded that plaintiff was terminated for inappropriate workplace behavior and there was no evidence to support a finding that race was a motivating factor.

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Even assuming that plaintiff could make the threshold showing of merit, the factual circumstances surrounding plaintiff's claims do not appear to be complicated and the issues alleged in the Complaint are not unusually complex. The alleged inappropriate behavior is not factually or legally complicated and discovery on this issue would seem to be straightforward. Given the limited resources available with respect to *pro bono* counsel, I find no "special reason" why appointment of counsel at this stage would be more likely to lead to a just determination. See Harris v. McGinnis, No. 02 Civ. 6481(LTSDF), 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003)(application denied where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination"). Plaintiff may consult with the Western District *pro se* office attorneys for questions on process and procedure.

### Conclusion

Defendant's motion to compel discovery (Docket # 15) is **granted**. Plaintiff's motion to appoint counsel (Docket # 17) is **denied without prejudice to renew**.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 11, 2012
      Rochester, New York