UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROY L. MORRISON,

                                            Plaintiff,

                                                                            <u>DECISION AND ORDER</u>

                                                                             11-CV-6148L

            v.

DR. PEPPER SNAPPLE GROUP,

                                            Defendant.
_____

Plaintiff Roy L. Morrison, appearing *pro se*, alleges claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, and the New York State Human Rights Law, N.Y. Exec. L. § 296. The gist of plaintiff's claims is that he was terminated from his employment with defendant Dr. Pepper Snapple Group "because a white female contract worker said that [he] sexual harass [sic] her." Dkt. #1 at 5. On his form complaint, plaintiff indicates that he is alleging discrimination based on his race, color and sex. *Id.* at 4.

Defendant moves for summary judgment, on several grounds. Plaintiff has not responded to the motion.

**DISCUSSION**

Rule 56(e) of the Federal Rules of Civil Procedure provides that if the non-movant fails to respond to a summary judgment motion by setting forth "specific facts showing that there is a genuine issue for trial," then "summary judgment, if appropriate, shall be entered against the adverse party." Local Rule 56 provides that all material facts set forth in the movant's statement of material

facts "will be deemed admitted unless controverted by the statement required to be served by the opposing party." Local Rule 7.1(e) also mandates that the party opposing a summary judgment motion file an answering memorandum and supporting affidavit, and further provides that "[f]ailure to comply ... may constitute grounds for resolving the motion against the non-complying party."

In the case at bar, both defendant and the Court gave ample notice to the plaintiff of the consequences of failing to respond to defendant's motion. *See* Def. Notice to *Pro Se* Litigant (Dkt. #23-6) and Order & Notice to *Pro Se* Plaintiff (Dkt. #24). Therefore, the Court may assume the truth of defendant's factual assertions, and proceed to determine whether, based upon those facts, summary judgment for defendant is warranted. *See Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996).

Defendant's Local Rule 56 Statement states that based on a complaint by a female contractor that plaintiff had made unwanted physical contact with her on October 22, 2009, defendant undertook an investigation of the alleged incident. As a result of that investigation, plaintiff, who had admitted engaging in the conduct at issue, was terminated on November 5, 2009. Dkt. #23-5 ¶¶ 2-7. Defendant states that plaintiff's race, color and sex played no role in his termination. *Id.* ¶ 8.

Once the moving party satisfies his initial burden under Rule 56(c) of demonstrating the absence of a genuine issue of material fact, the burden shifts to the non-moving party to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). In other words, the "party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). To do so, the nonmoving party must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." *Id.* at 256.

Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." *Allen v. Cuomo*, 100 F.3d 253, 258 (2d Cir. 1996) (citing *Anderson*, 477 U.S. at 247-48). And while the submissions of *pro se* litigants are to be liberally construed, *see, e.g., Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), the fact that a party is "proceeding *pro se* does not otherwise relieve [him] from the usual requirements of summary judgment." *Fitzpatrick v. New York Cornell Hosp.*, No. 00 Civ. 8594, 2003 WL 102853, at *5 (S.D.N.Y. Jan. 9, 2003).

Here, defendant has alleged, and presented evidence of, facts that, if true, would defeat plaintiff's claim, by showing that plaintiff was terminated for a legitimate, nondiscriminatory reason: his violation of defendant's sexual harassment policy. The mere fact that his accuser was a white woman is not enough to give rise to a genuine issue of material fact in that regard. *Cf. Rivas Rosado v. Radio Shack, Inc.*, 312 F.3d 532, 534 (1st Cir. 2002) ("The mere fact that the decision makers were male does not alone, absent other evidence, create an inference that they engaged in gender discrimination"); *Williams v. Calderoni*, No. 11 CIV. 3020, 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012) ("it is hornbook law that the mere fact that something bad happens to a member of a particular racial group does not, without more, establish that it happened *because* the person is a member of that racial group").

Plaintiff has failed to controvert the defendant's evidence in any way, and as stated above, the Court may assume the truth of the facts set forth by defendants. Defendant is therefore entitled to summary judgment.

In addition, it appears that plaintiff has failed to comply with two orders from this Court: a scheduling order issued on August 10, 2011 (Dkt. #8), and a decision and order issued on September 11, 2012 (Dkt. #21), granting defendant's motion to compel discovery. Specifically, as set forth by defendant, plaintiff has failed to provide his initial disclosures as required by the Court, and in fact has refused to engage in any discovery at all. *See* Decl. of Ryan G. Smith (Dkt. #23-1) ¶¶ 10-13; Reply Decl. of Ryan G. Smith (Dkt. #25) ¶¶ 3-5.

"Federal Rule 37 grants district courts 'broad power' to impose sanctions, including dismissal, on parties who fail to comply with court ordered discovery." *Earley v. Murray*, No. 03-CV-6338, 2008 WL 123939, at *2 n.1 (W.D.N.Y. Jan. 10, 2008) (quoting *Friends of Animals Inc. v. United States Surgical Corp.*, 131 F.3d 332, 334 (2d Cir. 1997) (per curiam)). Given plaintiff's complete failure to comply with this Court's discovery orders, I find that dismissal is warranted under Rule 37 as well.

## CONCLUSION

Defendant's motion for summary judgment (Dkt. #23) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 9, 2013.